# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| MAURICE JULIUS WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. CV607-070 |
| | ) | |
| THALRONE WILLIAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a Georgia state prisoner currently incarcerated at Rutledge State Prison in Columbus, Georgia, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) In his petition, he alleges that his criminal proceedings were rife with violations of his rights under federal law. (Id.) The respondents have moved the Court to deny the petition as being untimely filed. (Doc. 12.) For the reasons explained below, the petition should be **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On December 18, 1995, petitioner was indicted by a Toombs County grand jury for malice murder and armed robbery. (Doc. 12 Attach. at 1.)

On June 19, 1996, a Toombs County jury found petitioner guilty of malice murder but not guilty of armed robbery. (Doc. 1 at 3.) He was sentenced to life imprisonment. (Id.) On May 12, 1997, the Supreme Court of Georgia affirmed his conviction and sentence. White v. State, 486 S.E.2d 338 (Ga. 1997). Petitioner filed a petition for a writ of habeas corpus in the Superior Court of Chatham County approximately nine years later, on May 15, 2006. (Doc. 15 Ex. 2 at 1.) The petition was denied on April 30, 2007 (doc. 15 Ex. 5 at 15), and the Supreme Court of Georgia denied his application for a certificate of probable cause to appeal the state habeas court decision on October 9, 2007. (Doc. 15 Ex. 6 at 1).

## II. LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, the time during which a petitioner seeks post-conviction relief from the pertinent judgment in state court does not count toward the one-year limitations period. Id. § 2244(d)(2); Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002) (quoting Kaufmann v. United States, 282 F.3d 1336, 1339 (11th Cir. 2002)). Petitioner "was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the [state] Supreme Court." Id. at 771 (citing Sup. Ct. R. 13.1). As the Supreme Court of Georgia affirmed petitioner's conviction and sentence on May 12, 1997 (Doc. 1 at 3), his judgment became final on August 11, 1997, when the time for seeking United States Supreme Court review had passed.[1] Accordingly, the § 2244(d) limitations period expired on August 11,

---

[1] The ninetieth day after the conviction fell on Sunday, August 10, 1997. Accordingly, petitioner had until Monday, August 11, 1997 to petition the United States Supreme Court for certiorari.

3

1998, one year after the judgment became final. Petitioner did not seek federal habeas review until October 24, 2007, over nine years after the limitations period expired. (Doc. 1.) Without a valid reason to toll the limitations period, the petition should be denied.

Petitioner filed a state habeas action on May 15, 2006. (Doc. 15 Ex. 2 at 1.) While the filing of a state habeas action tolls the one-year limitations period, 28 U.S.C. § 2244(d)(2), it does not reset the limitations period. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll). As the entire one-year limitations period had elapsed before petitioner filed his state habeas action, the tolling provision found in § 2244(d)(2) never came into play. Thus, the § 2254 petition for a writ of habeas corpus should be **DENIED** as untimely.

**SO REPORTED AND RECOMMENDED** this 7th day of January, 2008.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA